UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ROSETTA GRAY,                                                Case No. 13-09-14275 JA

Debtor.

## ORDER DISMISSING CASE

THIS MATTER came before the Court on November 10, 2009 on the Court's Order to Show Cause Why Case Should not Be Dismissed with Prejudice to Refiling for a Period of 180 Days ("Order to Show Cause"). This case is the third case that the Debtor has filed within the year preceding the date of the filing of the voluntary petition in this case, the previous two cases having been dismissed based on the Debtor's failure to file certain documents required under 11 U.S.C. § 521. The Court determined at the close of the hearing that the Debtor's case should be dismissed with prejudice to refiling for a period of 180 days. However, because the Court's discretion to dismiss a Debtor's bankruptcy case with prejudice to refiling is limited by 11 U.S.C. § 109(g), and because the Court has not found based on the evidence presented that the Debtor willfully failed to obey prior court orders, willfully failed to appear in prosecution of her case, or obtained a voluntary dismissal of a prior proceeding while a motion for relief from stay was pending, the Court will not dismiss this case with prejudice, but will simply dismiss the Debtor's case for cause under 11 U.S.C. § 1307(c).

DISCUSSION AND PROCEDURAL HISTORY

The Debtor filed her first voluntary petition under Chapter 13 of the Bankruptcy Code on February 24, 2009 as Case No. 13-09-10689 SA ("First Case"). The First Case was dismissed due to the Debtor's failure to file schedules, a statement of financial affairs, and a statement of monthly income. *See* Docket No. 21, Default Order Dismissing Bankruptcy Case. In addition, in the First Case the Debtor failed to attend the first meeting of creditors. *See* Docket No. 16, Trustee's Supplemental Motion to Dismiss. On September 21, 2009, the Debtor filed a second voluntary petition under Chapter 13 of the Bankruptcy Code on July 6, 2009 as Case No. 13-09-12913 SA ("Second Case"). The Second Case was dismissed automatically under 11 U.S.C. § 521(i)(1) due to the Debtor's failure to file certain of the schedules. *See* Docket No. 24, Order Confirming Automatic Dismissal of Bankruptcy Case of Debtor Rosetta Gray. A motion for relief from stay was pending at the time the Second Case was dismissed. *See* Docket No. 8, Nationstar Mortgage, LLC, f/k/a Centex Home Equity Company LLC's Motion for Relief from Stay Regarding Property Located at 908 Wood Duck Drive SW, Albuquerque. In the Second Case, the Debtor did not attend the first meeting of creditors. *See* Docket No. 21, Trustee's Supplemental Motion to Dismiss.

In this case (the "Third Case"), commenced on September 21, 2009, the Debtor did not timely file her schedules or plan, having filed her schedules and plan on November 3, 2009, more than forty days after the date of the filing of the petition and after the date first set for the first meeting of creditors.[1] In the Third Case, the Debtor also failed to file a Statement of Financial Affairs, failed to file a Statement of Monthly Income, and failed to make the first plan payment as required by 11 U.S.C. § 1326(a)(1). In addition, because First Case and the Second Case were pending but dismissed within the year preceding the date of the filing of the Third Case, no automatic stay came into effect upon the filing of the Third Case.[2]

Confirmation of the Debtor's plan was scheduled in the Third Case for November 10, 2009 at 9:30 a.m. on a trailing docket. No continuance of the hearing on the plan was sought. The hearing on confirmation of the plan could not be held because the Debtor filed her chapter 13 plan just seven days prior to the date of the confirmation hearing.

Debtor testified at the hearing on the Order to Show Cause that she filed her Chapter 13 case to attempt to keep her residence in which she believes she has substantial equity. The Debtor also testified that, pre-petition, the mortgage lender on the residence had commenced a foreclosure action, obtained a foreclosure judgment, and the foreclosure sale has occurred. The Schedules filed in the Third Case reflect an IRS priority claim in the amount of $67,848.50. Schedule J reflects Average Monthly Net Income of a negative $19.75 without any payment on the IRS claim.

The history of the Debtor's prior bankruptcy filings indicates that the Debtor repeatedly failed to fulfill her duties under the Bankruptcy Code. The filing of the Third Case appears to be a futile attempt on the part of the Debtor to obtain relief through bankruptcy: there is no automatic stay in effect; the foreclosure sale occurred prior to the filing of the Third Case; and the Debtor's schedules indicate there is insufficient disposable income from which she can make payments under a Chapter 13 plan. These circumstances, including the serial, unsuccessful filings, the failure to file a plan timely and to timely commence making payments, and the failure in each case to comply with requirements under 11 U.S.C. § 521(i), demonstrate that sufficient cause exists to dismiss the Debtor's case. *See* 11 U.S.C. § 1307(c).[3] But in order to dismiss a case with prejudice to refiling, the Court is limited to the provisions contained in 11 U.S.C. § 109(g). *See Frieouf v. United States (In re Frieouf),* 938 F.2d 1099, 1103 (10th Cir. 1991)(holding that, under the plain language of 11 U.S.C. § 349(a), a bankruptcy court may

---

[1] *See* Rule 3015(b), Fed.R.Bankr.P. ("The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct ").

[2] *See* 11 U.S.C. § 362(c)(4).

[3] Pursuant to 11 U.S.C. § 1307(c), the court may dismiss the case "for cause . . . including . . . . failure to file a plan timely under section 13321 of this title . . . .[and] failure to commence making timely payments under section 1326." 11 U.S.C. § 1307(c)(3) and (4). Dismissal is also supported by 11 U.S.C. § 521(i)(1) because the Debtor did not file her Statement of Financial Affairs or Statement of Monthly Income within 45 days after the date of the filing of the petition.

2

"permanently disqualify a class of debts from discharge, but a bankruptcy court may not deny future access to bankruptcy court, except under the circumstances of section 109(g).").[4]

That section provides, in relevant part:

. . . no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –

>  (1) The case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>  (2) The debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

Neither provision is applicable to the facts now before the Court. First, no evidence was presented to the Court to demonstrate that the Debtor willfully failed to obey prior orders of the Court. Dismissal with prejudice is, therefore, not appropriate under 11 U.S.C. § 109(g)(1). Second, the Debtor did not seek to dismiss the First Case or the Third Case. Further, although the Debtor did seek a voluntary dismissal in the Second Case, her motion was not granted; the case was dismissed automatically because the Debtor failed to file the required documents. Nor was a motion for relief from stay pending when the Second Case was dismissed. Consequently 11 U.S.C. § 109(g)(2) does not apply to the dismissal of the Second Case or the Third Case. "There is no reference in § 109(g) to repetitive filings or dismissal under circumstances of bad faith." *In re Merrill,* 192 B.R. 245, 252 (Bankr.D.Colo. 1995). Therefore, even though it is evident that the Debtor has had three unsuccessful attempts to proceed under Chapter 13 and has repeatedly failed to abide by the requirements under the Bankruptcy Code, dismissal with prejudice to refiling for a period of 180 days is not appropriate.

WHEREFORE, IT IS HEREBY ORDERED that this case is DISMISSED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

---

[4] No party has requested dismissal under 11 U.S.C. § 349(a), which authorizes the bankruptcy court to "bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed." 11 U.S.C. § 349(a). Because 11 U.S.C. § 349(a) "specifically exclude[s] conduct that warrants dismissal under § 109(g), Congress articulated that courts should apply § 349(a) in circumstances that are not covered by § 109(g), i.e., § 349(a) should be applied in more egregious cases." *In re Norton,* 319 B.R. 671, 681(Bankr.D.Utah 2005).

3

Date entered on docket:

COPY TO:

**Rosetta Gray**
PO Box 35037
Albuquerque, NM 87176

**Kelley L. Skehen**
Chapter 13 Trustee
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

**Gregory Bryan Molinar**
c/o 3212 Florida St. NE
Albuquerque, NM 87110

**Nationstar Mortgage, LLC fka Centex Home Equity Company, LLC**
Atty. Karen H. Bradley
c/o Susan C. Little & Associates, P.A.
P.O. Box 3509
Albuquerque, NM 87190-3509

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103